IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-3297-M

| | | |
|---|---|---|
| JAQUAN ORLANDO COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER ADAMS, and ED MCMAN, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter comes before the court on plaintiff's motion for summary judgment, request for copies, and to resolve the matter as to whether defendant Adams has been properly served. On September 22, 2020, plaintiff, a state inmate, filed a pro se complaint under 18 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. [D.E. 1]. On January 28, 2021, the court allowed plaintiff to proceed in this action as to his excessive force claims against defendant Adam's in his individual capacity. [D.E. 11].

On January 29, 2021, the court issued a summons as to defendant Adams. [D.E. 12]. On February 24, 2021, plaintiff returned an executed summons as to defendant Adams. [D.E. 13]. On March 17, 2021, plaintiff filed a motion for summary judgment and a letter requesting copies of all documents that have been filed in this action. [D.E. 15, 16]. On April 12, 2021, the US Marshals returned the summons and complaint package as to defendant Adams stating that it was returned and marked "unable to forward." [D.E. 17].

---

[1] The court dismissed defendant McMan by order entered on January 28, 2021. [D.E. 11].

The court first addresses the issue of whether defendant Adams has been successfully served. The record as described above demonstrates that defendant Adams was not actually served. To aid in serving defendant Adams, the New Hanover County Attorney is DIRECTED to follow the court's instructions below.

The court next addresses plaintiff's letter requesting copies, which the court construes as a motion for copies. Plaintiff requests copies of all documents currently filed on the docket in this case. As a one-time courtesy, the court will provide plaintiff copies of the complaint, [D.E. 1], and the court's January 28, 2021, order, [D.E. 11]. Plaintiff is forewarned that it is his responsibility to maintain his legal records. See Carawan v. Perritt, No. 5:16-CT-3244-FL (E.D.N.C. Aug. 25, 2017) (noting that it is a pro se litigants responsibility to maintain legal documents (citing Clegg-Ars v. Wiggins, No. 5:15-CT-3060-D, 2015 WL 4760705, at *3 (E.D.N.C. Aug. 12, 2015))); Locklear v. Hubbard, No. 5:11-CT-3094, 2012 WL 78378, at *5 (E.D.N.C. Jan. 10, 2012) ("A pro se litigant assumes responsibility for properly maintaining his legal records."). Should plaintiff request copies in the future, it will require the copying cost at the rate of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Thus, plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

Lastly, the court turns to plaintiff's motion for summary judgment. Such a motions is premature at this time because the defendant has not yet been served. See Fed. R. Civ. P. 56(d); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) (noting a district court must refuse summary judgment " where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition."). Therefore, plaintiff's motion for summary judgement is DENIED.

2

For the reasons states above, plaintiff's motion for copies is GRANTED IN PART AND DENIED IN PART, and his motion for summary judgement is DENIED WITHOUT PREJUDICE. The court DIRECTS the New Hanover County Attorney to inform the court whether defendant Adams is employed with the county. If so, the county attorney is DIRECTED to provide the last known address of defendant Adams or inform the court that no such address is available. If defendant Adams is no longer a county employee, the information may be filed under seal. The county attorney shall file its response to the court's order no later than **21 days** after the entry of this order. The clerk is DIRECTED to serve a copy of this order on the county attorney. The court warns plaintiff that if the county attorney does not have defendant Adam's records and service cannot be made, the action may be dismissed without prejudice.

SO ORDERED, this the 15th day of April, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge