IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3297-M

JAQUN ORLANDO COPELAND, )
)
Plaintiff, )
)
v. ) ORDER
)
JONATHAN GRAY ADAMS, )
)
Defendant.[1] )

This matter is before the court on plaintiff's motions for reconsideration of the court's December 28, 2021, order (D.E. 30), for court appointed investigator (D.E. 31), for order (D.E. 32), and to appoint counsel (D.E. 33).

The court begins with respondent's motion to appoint counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The presence of "exceptional circumstances" depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296 (1989) (citation omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel. Further,

---

[1] The court dismissed formerly-named defendant Ed McMan by order entered January 28, 2021.

plaintiff's filings demonstrate his ability to proceed pro se. Accordingly, the court denies plaintiff's request to appoint counsel.

The court next considers plaintiff's motion for reconsideration of the court's December 28, 2021, order. In that order, the court informed plaintiff that it had exhausted its methods for obtaining defendant's address and directed plaintiff to show cause within 21 days why the action should not be dismissed for failure to perfect service under Rule 4(m). In the instant motion, plaintiff merely recites the underlying facts of his complaint. (Mot. Reconsideration (D.E. 30) at 2–3). Plaintiff further requests the court to issue a writ of capias ad respondendum to have the sheriff arrest and hold defendant until he responds to the complaint. (Pl. Aff. (D.E. 30-1) at 2). However, plaintiff provides no alternative address for defendant, and the court cannot order defendant's arrest if no one can locate him. For the reasons stated here and in the court's December 28, 2021, order, the motion for reconsideration is denied.

As noted in the December 28, 2021, order, "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff has not served defendant within the time period provided in Rule 4(m), and he has failed to show good cause excusing his failure. Accordingly, the court dismisses the claims against defendant, which are the only remaining claims in this action.

## CONCLUSION

Accordingly, the court DENIES plaintiff's motions to appoint counsel (D.E. 33) and for reconsideration (D.E. 30). The action is DISMISSED pursuant to Federal Rule of Civil Procedure

2

4(m). Plaintiff's motions for court appointed investigator (D.E. 31) and for order (D.E. 32) are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of September, 2022.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

3